STATE v. HICKS.

1. Where defendant offered a witness who impeached the general character of the prosecutor for veracity, and such witness on the cross-examination was interrogated and permitted to testify as to certain offenses with which the prosecutor had been charged, the defendant, in reply, may further interrogate such witness as to those offenses.
2. If a party brings out incompetent testimony, without objection, it becomes competent in the cause on trial, and may be treated as any other competent evidence.

---

Before KERSHAW, J., Newberry, July, 1883.

This was an indictment against Coleman Hicks, Jr., and Charley Gallman, for burglary and larceny. The opinion states the case.

*Messrs. Johnstone & Cromer* and *M. A. Carlisle*, for appellant, cited *Best Ev., p.* 1060; *Whart. Ev.* 572–3; 1 *Greenl. Evid.* 467, 468; *Reyn. Steph. Dig. Ev., Arts.* 126, 127, 131.

*Mr. Solicitor Duncan*, contra.

January 15th, 1884. The opinion of the court was delivered by

MR. JUSTICE McIVER. On the trial of this case the defendants offered one Charles Brown as a witness to impeach the character of the prosecutor, and on the cross-examination he mentioned certain particular offenses with which the prosecutor had been charged. In reply, counsel for the defendants proposed to interrogate the witness further as to the particular offenses which had been mentioned in his cross-examination, but such questions were, upon objection, ruled out, and exception was duly

taken. The correctness of this ruling is the sole matter presented by this appeal.

The Circuit judge, in his report, says: "My reasons for excluding the question were these: A witness can only be impeached in this way by proof of his general bad character (*i. e.* reputation), and evidence of particular offenses committed by the witness cannot be given for that purpose. It was relevant and proper for the State, on cross-examination, to inquire into the grounds for the opinion expressed by the impeaching witness. When it was shown by the replies that the opinion was founded upon alleged particular offenses, and not upon general character, the impeachment was rendered more or less nugatory. In reply, the counsel for the defense could not destroy or impair the effect of the replies elicited on the cross-examination by evidence tending to show the nature, extent and truth of the particular offenses imputed by the impeaching witness. Therefore, such testimony was irrelevant in reply, as much as it would have been in the first instance."[*]

There is no doubt that the Circuit judge has laid down the rule correctly, that the character of a witness cannot be impeached by testimony tending to show that he has been guilty of, or has been charged with, particular offenses, though there is a case (*Anonymous,* 1 *Hill* 251,) in which evidence of a particular fact, to wit, that the witness sought to be impeached had been heard to say on a particular occasion, "that on some occasions he would swear a lie," was held to be competent for the purpose of impeaching the character of the witness. And there is as little doubt that the party offering the witness whose character is sought to be impeached, may test the value of the opinion expressed by the impeaching witness by asking him, on cross-examination, whether his opinion is based upon the general reputation which the witness bears in his neighborhood, or upon particular facts within his own knowledge or upon specific charges which have been brought against the witness whose character is sought to be impeached. But when, as in this case,

---

[*]The learned judge cited in support of this ruling the following authorities: *Whart. Ev.,* §§ 562–63, 49, 50; *State* v. *Alexander,* 2 *Mill. Con. R.* 171; *Dollard* v. *Dollard,* 1 *Rice Dig. p.* 294, ¶ 439.—REPORTER.

the cross-examination proceeds further and brings out particular facts or specific charges against the witness to be impeached, it seems to us that the other side ought to have the privilege of asking questions in reply in reference to such facts or charges as have been voluntarily brought out by the party offering the witness whose character is assailed, for he has thus voluntarily thrown open the door to inquiries which otherwise would have been incompetent.

This view seems to have the support of authority. In 1 *Whart. Ev.*, § 573, that learned writer uses the following language : " It is also said that when a witness is cross-examined as to inadmissible matter, the party calling the witness has a right to re-examine as to such matter." So in 1 *Stark. Ev.* 144, (Metcaf's Edit.,) it is said : " If, by an unfortunate or unskillful question put on cross-examination, a fact be extracted which would not have been evidence upon an examination-in-chief, it then becomes evidence against the party so cross-examining.

The rule, therefore, seems to be, that if a party chooses to bring out what would be incompetent evidence if objected to, it becomes competent in that particular case, and must be treated as any other competent evidence. It was upon this principle that the case of *Free* ads. *The State*, 1 *McMull.* 494, was decided. In that case testimony was received without objection, showing that the witness, relied upon by the State to prove the offense alleged in the indictment, had stolen two great-coats, and it was held that the Circuit judge erred in refusing to allow counsel for the defendant to comment on the testimony showing that the witness had stolen the coats. Butler, J., in delivering the opinion of the court, after saying that the testimony was clearly incompetent, and would have been ruled out if objected to, used this language : " Incompetent testimony is frequently received by consent ; indeed parties are, sometimes, sworn themselves in their own case. When such testimony is so received, it is usually regarded as competent testimony is, to be believed or not believed as the jury may think proper." So here we say it was clearly incompetent to offer testimony tending to show that the prosecutor had been guilty of, or had been charged with, certain particular offenses, but when it was brought out not only without

objection, but by the cross-examination on the part of the State, the counsel for the defense had a right to have it "regarded as competent testimony is," and hence had the right to examine, in reply, in reference to such testimony.

The judgment of this court is that the judgment of the Circuit Court be reversed, and that the case be remanded to that court for a new trial.